**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRENDA BOETGER; and TIMOTHY BOETGER, her husband, | CIVIL ACTION NO.    1:22-cv-123 |
| Plaintiffs, | |
| v. | |
| WAGON TRAILS RESORT, INC.; and WAGON TRAILS RESORT, INC. i/t/d/b/a MILLBROOK RESORT, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, Brenda Boetger, and Timothy Boetger, her husband, by and through their undersigned counsel, file the following Complaint against Defendants Wagon Trails Resort, Inc., and Wagon Trails Resort, Inc. i/t/d/b/a Millbrook Resort.

## THE PARTIES

1.      Plaintiffs, Brenda Boetger and Timothy Boetger, are married adult individuals residing in Erie, Erie County, Pennsylvania.

2.      Defendant Wagon Trails Resort Inc. is a corporation organized and existing under the laws of the State of Ohio, with a registered address of 5576 US Route 6, Andover, OH 44003.

3.      Upon information and belief, Defendant Wagon Trails Resort, Inc. also operates and conducts business under the name of Millbrook Resort with an address of 4051 State Route 46 South, Jefferson, OH 44047.

4.      Defendants Wagon Trails Resort, Inc.; and Wagon Trails Resort, Inc. i/t/d/b/a Millbrook Resort are hereinafter collectively referred to as "Defendants."

5.      Upon information and belief, there are no individual members of Wagon Trails Resort that are citizens of the Commonwealth of Pennsylvania, and there are no juristic members of Wagon Trails Resort that are organized or exist under the laws of the

Commonwealth of Pennsylvania or maintain a principal place of business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

6.     This Court has personal jurisdiction over Defendants pursuant to 42 Pa. C.S. § 5322 because each has, individually and in concert with the others, (a) transacted business in the Commonwealth of Pennsylvania, and/or (b) offered to and contracted to supply goods or services in the Commonwealth of Pennsylvania.

7.     This Court has subject matter jurisdiction over Plaintiffs' claims against Defendants within the meaning of 28 U.S.C. §1332 because: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events and omissions giving rise to Plaintiffs' claims against Defendants occurred in this District, as more fully set forth herein.

## FACTUAL BACKGROUND

9.     On or about September 19, 2020, Plaintiff Brenda Boetger was a patron of the recreational facility/campground identified as "Millbrook Resort" and located at 4051 State Route 46 South, New Lyme, Ashtabula County, Ohio (hereinafter referred to as "Millbrook Resort").

10.     Upon information and belief, Millbrook Resort makes available certain recreational lots and/or campsites for rent.

11.     Dues paying members of Millbrook Resort can arrange for the rental of a lot and/or campsite, and/or can make arrangements with Millbrook Resort for a third party to schedule a rental of the same.

12.     Upon information and belief, non-members are not permitted to arrange for

rentals from Millbrook Resort, unless a member sponsors and/or otherwise arranges the rental.

13.     Millbrook Resort is located in eastern Ohio, approximately 20 miles from the Pennsylvania state line.

14.     Upon information and belief, Millbrook Resort regularly conducts business with Pennsylvania residents and has members who reside in Pennsylvania.

15.     Plaintiffs are not members of Millbrook Resort.

16.     At all times relevant hereto, Plaintiffs were invitees of Millbrook Resort pursuant to a campsite rental, which had been arranged through Plaintiffs' friend, which friend is a Millbrook Resort member and Pennsylvania resident.

17.     This action arises from the rental arrangement made by Plaintiffs' friend, a Pennsylvania resident and Millbrook Resort member.

18.     On or about September 19, 2020, Plaintiff Brenda Boetger was entering an indoor game room of the Millbrook Resort (hereinafter referred to as "Subject Premises") in a normal and prudent manner, when she when she suddenly and unknowingly encountered an unmarked and hidden step down, with an attached raised weather strip, both of which were located inside the exterior door.  This step down and weather strip caused her to fall, causing serious injuries and damages as hereinafter set forth (hereinafter the "Subject Incident").

19.     At all times relevant, Plaintiff Brenda Boetger was a patron of Defendants while walking into the game room of the Millbrook Resort.

20.     At all times relevant, Defendants were responsible for the maintenance of the Subject Premises, including the entryway and steps/drop-off into the game room.

21.     At all times relevant, Defendants were responsible for the care, control, custody, maintenance, and/or supervision of the Millbrook Resort and the entryway and steps/drop-off into its game room.

22.     At all times relevant, Defendants were acting directly and/or by and through

their duly authorized agents, servants, employees, representatives and/or assigns.

23.     At all times relevant, Defendants' duly authorized agents, servants, employees, representatives and/or assigns were acting within the course of their employment and the scope of their authority.

24.     At the time of the Subject Incident, the entryway and steps into the game room of the Millbrook Resort constituted a dangerous condition for the reasons set forth in more detail below.

25.     At all times relevant, Defendants had actual and/or constructive knowledge that the entryway and steps into the game room of the Millbrook Resort created a hazardous, dangerous, and/or defective condition for patrons of the Millbrook Resort, including the unmarked drop-off from the exterior to the interior, which is not visible when entering from the outside due to inadequate signage and/or lighting.

26.     Defendants knew or should have known of the existence of the aforementioned dangerous condition.

27.     Defendants failed to remedy the aforementioned dangerous condition.

28.     Defendants caused and/or created the aforementioned dangerous condition.

29.     Defendants permitted the aforementioned dangerous condition to exist.

30.     Defendants failed to adequately warn business patrons of the aforementioned dangerous condition.

31.     Upon information and belief, Defendants each owned an interest in and/or operated the game room of the Millbrook Resort on September 19, 2020.

## COUNT I – NEGLIGENCE

### BRENDA BOETGER v. WAGON TRAILS RESORT INC.; and WAGON TRAILS RESORT INC. i/t/d/b/a MILLBROOK RESORT

32.     Each of the above paragraphs is incorporated herein by reference.

33.     The Subject Incident and Plaintiff's resulting injuries and damages were caused

4

and/or contributed to by the negligence, carelessness, and/or recklessness of Defendants, independently, jointly, and/or severally, in general and in the following particulars:

a.    In creating a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises;

b.    In creating a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises, which was known to be a high traffic area for customers;

c.    In permitting a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises to exist;

d.    In permitting a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises to exist, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for the Plaintiff;

e.    In failing to correct a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises;

f.    In failing to correct a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for the Plaintiff;

g.    In failing to maintain a safe entryway on the Subject Premises;

h.    In failing to maintain a safe entryway on the Subject Premises, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for the Plaintiff;

i.    In failing to properly inspect the property, so as to discover the presence of a dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises;

j.    In failing to properly inspect the property, so as to discover the presence of dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for the Plaintiff;

k.    In failing to warn and/or adequately warn business patrons of the dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises;

l.    In failing to warn and/or adequately warn business patrons of the dangerous, defective, and/or hazardous condition in the entryway of the Subject Premises, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for the Plaintiff, and;

m.   In otherwise failing to provide a safe entryway on the Subject Premises for business patrons.

34.   As a direct result of the Defendants' conduct as discussed above and the negligence, carelessness, and/or recklessness of the Defendants, independently, jointly, and/or severally, Plaintiff Brenda Boetger suffered, among other things, the following injuries:

a.   Fracture of left tibia and fibula requiring surgery;

b.   Severe injury to her lower left extremity including but not limited to fractures, swelling, restricted range of motion, numbness;

b.   Severe pain and discomfort in her lower left extremity including but not limited to inability to walk on left leg, instability and knee pain;

d.   Left peroneal nerve injury;

e.   Severe injury to nervous system of the lower left extremity including but not limited to trouble with balance, numbness and tingling;

f.   Nerve pain in left ankle and foot;

g.   Severe injury to left ankle and foot including but not limited to decreased range of motion, dorsiflexion weakness, weakness and numbness in left great toe,

h.   Severe pain and discomfort to left ankle and foot;

i.   Severe emotional distress and shock to her nerves and nervous system;

j.   Other injuries and/or damages recoverable at law; and

k.   Some or all of the above may be permanent in nature.

35.   As a result of the Defendants' conduct as discussed above and the aforesaid incident, Plaintiff Brenda Boetger suffered, among other things, the following damages:

a.   She has incurred in the past, and will incur in the future, substantial medical expense;

b.   She has suffered in the past, and will suffer in the future, substantial pain, suffering, and inconvenience and the loss of certain ordinary pleasures of life;

c.   She has suffered in the past, and may sustain in the future, loss of earnings and/or earning capacity;

    d.    She has sustained in the past, and will sustain in the future, substantial scarring and disfigurement; and,

    e.    She has sustained in the past, and will sustain in the future, other emotional, economic, and physical harm.

**WHEREFORE**, Plaintiff Brenda Boetger demands judgment against Defendants Wagon Trails Resort, Inc. and Wagon Trails Resort, Inc. i/t/d/b/a Millbrook Resort independently and/or jointly and severally, including without limitation, an award of damages, fees, costs, and interest, in an amount in excess of the jurisdictional limits of this Court and for all other relief that the Court deems just and proper.

## COUNT II– LOSS OF CONSORTIUM

### TIMOTHY BOETGER v. WAGON TRAILS RESORT INC.; and WAGON TRAILS RESORT INC. i/t/d/b/a MILLBROOK RESORT

36.    Each of the above paragraphs is incorporated herein by reference.

37.    At all times relevant hereto Plaintiff Timothy Boetger was married to, and resided with, Plaintiff Brenda Boetger.

38.    As a result of the injuries to his spouse, Plaintiff Timothy Boetger has lost the society, comfort and services of his spouse.

39.    As a result of the injuries to his spouse, Plaintiff Timothy Boetger has in the past and/or may in the future be required to expend substantial sums of money for his wife's medical and other health-care expenses.

**WHEREFORE**, Plaintiff Timothy Boetger demands judgment against Defendants, independently and/or jointly and severally, including without limitation, an award of damages, fees, costs, and interest, in an amount in excess of the jurisdictional limits of this Court and for all other relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Brenda Boetger and Timothy

Boetger demand a Jury Trial on all issues so triable.


Dated: April 7, 2022                                    /s/ Bradley E. Holuta_____
                                                        Bryan S. Neiderhiser, Esquire
                                                        Sup. Ct. ID #81496
                                                        bneiderhiser@marcusandmack.com

                                                        Bradley E. Holuta, Esquire
                                                        Sup. Ct. ID #314301
                                                        bholuta@marcusandmack.com

                                                        MARCUS & MACK, P.C.
                                                        57 South Sixth Street
                                                        Indiana, PA 15701
                                                        724-349-5602 (t)
                                                        724-349-8362 (f)

                                                        *Attorneys for Plaintiffs*
                                                        *Brenda Boetger and Timothy Boetger*